FRANK ZORRILLA, ETC., on behalf of worker JULIA CARMEN CLAUDIO, Plaintiff and Appellee, *v.* RAÚL IBARRA GARCÍA and AGNES CANINO WIDOW OF IBARRA, Defendants, and the former Appellant.

No. R-62-208.        Decided June 4, 1963.

*Elí B. Arroyo* for appellant. *Manuel Janer Mendía* and *Ramón R. Lugo Beauchamp* for appellee.

Division composed of Mr. Chief Justice Negrón Fernández, Mr. Justice Blanco Lugo, and Mr. Justice Ramírez Bages.

MR. JUSTICE BLANCO LUGO delivered the opinion of the Court.

The pronouncement of the judgment rendered by the Superior Court, San Juan Part, ordering appellant Raúl Ibarra García to pay to complainant Julia del Carmen Claudio the sum of $2,248 "for extra hours worked on the seventh days,"[1] plus a like sum by way of penalty, cannot

---

[1] An examination of the detailed statement of the claim referred to in paragraph 3 of the complaint shows that the sum also included differences between the salary paid and the minimum rate fixed for the Retail Trade by Decrees Nos. 8 and 42 of the Minimum Wage Board, 29 R.&R.P.R. §§ 245n–131 to 245n–141 and 245n–641 to 245n–645.

prevail.[1-a] The complaint which gave rise to the judgment was brought by the Secretary of Labor for the benefit of said employee, the defendants being appellant Raúl Ibarra and Agnes Canino widow of Ibarra. Although it was alleged that the working period covered from 1954 until April 17, 1959, the detailed statement of the claim specifying the hours worked a day, the dates on which work was performed, the compensation received and that earned, as well as the differences in the wages due, which is contained in Form 106 of the Department of Labor, covers the period from January 4, 1954 to December 29, 1957.

From the uncontroverted documentary evidence admitted at the pretrial conference it appears that the pharmacy establishment where the employee rendered services was acquired by Armando Ibarra, late husband of codefendant Agnes Canino, by deed No. 121 of June 19, 1954,[2] executed before Notary Adolfo García Veve, and that on September 17 of the same year,[3] by deed No. 192 executed before the same Notary, a general copartnership under the name of Ibarra Hermanos was constituted, to which Armando contributed $4,000 "in medical, chemical and pharmaceutical products, fixtures and furniture which he has in his pharmacy business," and his brother Raúl contributed $4,000 in cash. It was provided in the partnership contract that both partners would act as managing partners, with full powers to administer the partnership business, and it was agreed that in the event of death of either one the entity would subsist for the full five-year period of its constitution.

---

[1-a] The judgment against Mrs. Canino became final upon the failure to seek review.

[2] Evidently, the judgment rendered could not be upheld as to the 26 weeks between January 4 and June 19, 1954, and the sum of $182 would have to be eliminated.

[3] Even conceding that the judgment is correct, appellant could not be held liable for the claim comprising from July 4 to September 17, 1954, when the partnership was constituted. The sum of $259 would have to be eliminated.

■ As may be observed, the pharmacy business belonged since June 19, 1954, to Armando Ibarra and since September 17 to the firm name Ibarra Hermanos. Was it proper within the present action to hold general and managing partner Raúl Ibarra liable for the unpaid salaries? Although *Vázquez* v. *H. Sánchez, S. en C.*, 85 P.R.R. 542 (1962), involved the liability of a partner for noncontractual debts, the principle applicable in the light of §§ 104 and 156 of the Code of Commerce, 10 L.P.R.A. §§ 1363 and 1469, was amply discussed in the opinion rendered. After setting forth that the distinguishing characteristic of the general copartnership is the solidary and unlimited liability of its partners, we said that the partner's private property answers for the payment of the partnership debts, whether of a contractual or noncontractual nature, *"after the assets are attached."* (Italics ours.) And it was clearly pointed out that the partner's liability "is subsidiary or secondary to that of the partnership and not a primary liability." Unlike the situation in *Vázquez*, the partners personally, and not the partnership, were sued in this case. It is significant that both were joined notwithstanding that, as we shall discuss below, complainant assumed that appellant was the one who hired the employee in an attempt to hold him liable for payment of the unpaid salaries, under the definition of "employer." Nor may we apply the holding in *Sucrs. of M. Lamadrid & Co.* v. *Torrens, Martorell & Co.*, 28 P.R.R. 824 (1920), to the effect that, since a member of a general copartnership is considered, for all practical purposes, as a joint debtor with the partnership and may therefore be included as a defendant in an action of debt against the partnership in order to reserve the right to excussion[4] granted by § 156 of the Code of

---

[4] In connection with the benefit of excussion, also denominated *exceptio excussionis* in its procedural aspect, see Uría, *Derecho Mercantil* 129 (2d ed. 1960) ; Garrigues, *Tratado de Derecho Mercantil*, I-3 *Revista de Derecho Mercantil* 1238 (1949) ; II Gay de Montellá, *Código de Comercio Español* 527 *et seq.* (Ed. Bosch, 2d ed. 1948) ; I Gay de Montellá, *Tratado Práctico*

Commerce, it will be sufficient if the judgment provide that the private property of defendant partner shall be attached and sold in execution of judgment only in the event that the marshal returns the writ stating that no property of the partnership had been found or that the property levied upon was not sufficient to satisfy the full amount of the judgment. It may be readily seen that it was necessary to include the partnership as a party defendant or, probably, to allege and prove that the partnership had been liquidated and that there was no property on which to execute the judgment which might be obtained. See, also, *Morales* v. *González & Co. et al.*, 35 P.R.R. 710 (1926); *cf. Cruz* v. *Ramírez*, 75 P.R.R. 889 (1954), involving a claim for wages against the only stockholders, directors, and liquidators of a dissolved corporation in order to hold them personally liable for past corporate debts.

■ It is argued, however, that since the trial court determined that appellant Ibarra was the one who hired complainant[5] and assigned her duties, he is liable personally under the definition of employer of § 36 of the Minimum Wage Act of 1956, 29 L.P.R.A. (Supp. 1962) § 246h, which reads as follows:

" 'Employer' includes every natural or artificial person of whatever nature who or which, whether or not for profit, employs any number of laborers, workmen or employees, or allows

---

*de Sociedades Mercantiles* 221 (Ed. Bosch, 1948); Ascarelli, *Sociedades y Asociaciones Comerciales* 359 (Ed. Ediar, 1947); 3 González de Echavarri, *Comentarios al Código de Comercio y Jurisprudencia Española* 341 (1945); and, particularly, Vivante, *Tratado de Derecho Mercantil* 132 *et seq.* (Ed. Reus, 1932). *Cf.* Mossa, *Responsabilidad del socio colectivo y del socio comanditario en la sociedad en comandita*, XXXIV *Revista de Derecho Privado* 869 (1950); and Vallet de Goytisolo, *La responsabilidad personal de los socios en las compañías de responsabilidad limitada, frente a la sociedad y frente a terceros*, XXXIII *Revista de Derecho Privado* 589 (1949).

[5] This determination is strange since complainant started to work on July 4, 1954, and it was not until 77 days later that appellant became a partner of the enterprise when the partnership was constituted.

them to work for compensation of any sort; and includes the chief, director, official, manager, officer, managing partner, administrator, superintendent, supervisor, foreman, overseer, agent, or representative of any such natural or artificial person."

In construing the scope of a practically identical definition contained in § 30 of the Minimum Wage Act of 1941, 29 L.P.R.A. § 241, we have said that the purpose of the definition in including the chiefs, officials, managers, officers, administrators and others is to make the employer responsible for their conduct in connection with the subordinates or employees of the employer, *De Arteaga* v. *Club Deportivo*, 73 P.R.R. 407 (1952); *Vicenty* v. *Corona Brewing Corporation*, 73 P.R.R. 131 (1952); in other words, that the consequences of their acts *may be visited upon their employer* and "*in that sense only* does such worker occupy an employer status," *Correa* v. *Mario Mercado e Hijos*, 72 P.R.R. 77, 81 (1951); *Tulier* v. *Land Authority*, 70 P.R.R. 249, 255 (1949). See, also, *Labor Relations Board* v. *Acevedo*, 78 P.R.R. 515 (1955). That is why the actions attributed to appellant as manager of the partnership business do not give him the status of employer;[6] the partnership is the one responsible for them.

In view of the foregoing, the judgment rendered by the Superior Court, San Juan Part, on June 15, 1962, will be reversed as to the pronouncement against appellant Raúl Ibarra.

---

[6] If this were so, it would not be easy to understand why judgment was entered solidarily against codefendant Agnes Canino widow of Ibarra.